HAMLIN, Justice
(dissenting).
I feel compelled to dissent from the majority opinion rendered herein and to assign my reasons for so doing.
I have the utmost respect for the views expressed in the majority opinion, and it is evident from a reading of same that it was rendered after giving much consideration to the problems presented.
*595 However, I feel that in being so diligent in its efforts to give consideration to the issues herein, this court and the courts below have overlooked the fact that a “taking” is not involved in this case.
It is my view that the rationale of the case of New Orleans Gaslight Company v. Drainage Commission, 111 La. 838, 35 So. 929, approved by the Supreme Court of the United States, 197 U.S. 453, 25 S.Ct. 471, 49 L.Ed. 831, is applicable to the instant case. In that case a relocation of pipes was involved.
In the instant tase the plaintiff is endeavoring to compel the defendant to adjust its lines in the streets of the City of Shreveport to make room for the necessary construction and a permanent highway.
The Gaslight Company case was decided by the Supreme Court of Louisiana in 1903, when paved roads were virtually non-existent. We have seen from the stream of history that paved roads are the product of the growth of our State and Nation. Today paved roads, in my opinion, are necessary to the health, welfare, safety, comfort and convenience of the citizens. The needs of highway traffic entering, passing through, and leaving a city, are rapidly growing. It is my further view that the utility company, which has had the use of the public right of way for its private benefit, should pay for changes in its own facilities. The State has no need for the presence of the transmission line in the right of way; the utility company, which located it at the risk that it might be, at some future time, disturbed, when the State might require, for a necessary public use, that changes in location be' made, should pay the costs as it takes the profits.
It cannot be gainsaid that adding costs of all utility line adjustments in this State to the other costs of a magnificent highway program might cause a slowdown in the program because of lack of sufficient funds; or it might lead to increases in gasoline taxes. A slowdown would have a very bad effect upon the health, welfare, safety, comfort and convenience of our citizens, prolonging and increasing exposure to crowded streets, inadequate facilities, and insufficient traffic control.
We have quite a few substantially large communities in this State. I will name but a few: New Orleans, Baton Rouge, Monroe, Shreveport, Alexandria, Lake Charles, Lafayette. Reason bids me to conclude that if utility companies in those cities alone could make the State pay for changes in the location of facilities, the costs which the State would have to bear would be extremely large.
I respectfully dissent.